Filed 7/20/16  P. v. Case CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JUSTIN ALAN CASE,<br><br>    Defendant and Respondent. | E063904<br><br>(Super.Ct.No. RIF1200894)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and Laura Arnold, Deputy Public Defender, for Defendant and Respondent.

INTRODUCTION

The People appeal from an order granting the petition of defendant Justin Alan Case for resentencing of his conviction of second degree burglary (Pen. Code, § 459)[1] to misdemeanor shoplifting (§ 459.5). The People contend that defendant's offense did not qualify for resentencing under section 1170.18 because defendant entered a bank to cash fictitious checks, not to commit shoplifting, and a bank is not a commercial establishment for purposes of section 459.5. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On January 12, 2012, defendant was charged in a felony complaint with two counts of second degree burglary (§ 459; counts 1 & 3) and two counts of check forgery (§ 476; counts 2 & 4). Specifically, the complaint alleged in counts 1 and 3 that on January 3 and 6, 2012, defendant "did willfully and unlawfully enter a certain building located at 1130 W SIXTH STREET, CORONA, with intent to commit theft and a felony."

Defendant plead guilty on February 22, 2012, to counts 1 and 3; counts 2 and 4 were dismissed. At the plea hearing, the trial court asked, "Is it true that on the day in question—what was it? A store?[2] You went somewhere where you weren't supposed to for the purpose of taking something?" Defendant replied, "No, cashing a check." Defendant was initially granted probation, but violated his probation, and on July 25,

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant does not dispute that he committed his crimes in a bank.

2

2013, he was sentenced to state prison for one year four months on counts 1 and 3, to be served consecutively to his sentence on unrelated convictions.

On February 5, 2015, defendant filed a petition for resentencing under section 1170.18, subdivision (a).  The People opposed the petition on the ground that "Wells Fargo is a non-commercial establishment."  The trial court granted the petition as to count 1 and denied the petition as to count 3 after finding that the check involved in count 1 was less than $950, and the check involved in count 3 was more than $950.[3]  The trial court held that a bank is a commercial establishment.  The People filed a timely notice of appeal.

DISCUSSION

**Proposition 47 and Statutory Amendments**

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reduced certain drug possession and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18.  Section 1170.18 created a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing.  (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

---

[3] The People state that the amount of the first check was $750 and the amount of the second check was $1,500.

Proposition 47 created section 459.5, the offense of shoplifting, which states: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except [for persons with certain disqualifying prior convictions]. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Proposition 47 also amended section 473, subdivision (b), which provides: "[A]ny person who is guilty of forgery relating to a check, . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year," unless the person has a prior super-strike conviction, is required to register as a sex-offender, or "who is convicted both of forgery and identity theft , as defined in Section 530.5."

**Standard of Review**

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the

4

voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

In addition, Proposition 47 directs that its provisions "shall be liberally construed to effectuate its purposes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74.) Those purposes include, among others, to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession." (*Id.*, § 3, subd. (3), p. 70.)

**Analysis**

A defendant seeking resentencing under Proposition 47 and section 1170.18 bears the burden of establishing his eligibility. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877-878 (*Sherow*).) Therefore, a defendant convicted of second degree burglary who seeks resentencing on the ground that the underlying offense met the definition of shoplifting within the meaning of section 459.5 must establish that he entered a commercial establishment with the intent to commit larceny involving $950 or less.

The People assert that when defendant "entered a bank to cash a forged check, he entered with . . . the intent to commit identity theft, the willful use of personal identifying information of another for an unlawful purpose." The People cite to section 530.5 and *People v. Barba* (2012) 211 Cal.App.4th 214, 229 (*Barba*). However, in the present case, defendant was not charged with identify theft; no preliminary hearing was held; and the crime of identity theft was never mentioned at the plea hearing. Thus, nothing in the record before us supports the People's assertion.

The People further argue that defendant failed to establish that he committed shoplifting because a bank is not a commercial establishment for purposes of section 459.5. The People argue that the "common understanding" of the term is "limited to establishments that offer goods for sale, not financial establishments like a bank."

Section 459.5 does not define the term "commercial establishment." However, the term "commercial establishment" is found in the language of several other California statutes, and its meaning is not limited as the People propose in any of those statutes. As some examples, Penal Code section 466.8 makes it a misdemeanor to fail to obtain, record, and retain certain information when making a "key capable of opening any door or other means of entrance to any residence or commercial establishment" (*id.*, subd. (a)), and Business and Professions Code section 6980.55 imposes an obligation on locksmiths to obtain, record, and retain such information. Vehicle Code section 21107.6 allows cities and counties to enact ordinances with respect to private roads that are "open to the public for purposes of vehicular travel to serve commercial establishments" to bring such roads within the provisions of the Vehicle Code. Streets and Highways Code section 224 makes it unlawful for a person to deposit "any refuse or waste from homes, farms, or commercial establishments" in roadside rest receptacles. Health and Safety Code section 25149, subdivision (b)(1), provides for a hearing to determine whether a hazardous waste facility may present an imminent and substantial endangerment to health and the environment if a state or federal public agency "requires the evacuation of a school, place of employment, commercial establishment, or other facility to which the public has access, because of the release of a hazardous substance from the facility."

Applying the People's proposed restricted definition of the term "commercial establishment" in the context of each of those statutes would lead to an absurd result. Instead, in each instance, it appears that the Legislature intended the broadest possible interpretation of the term to generally include business establishments of all natures. Indeed, when the Legislature intended for a narrower definition to apply, it has expressly provided such a definition. (See, e.g., Health & Saf. Code, § 108600 [a commercial establishment is defined as "any owner or operator of a business that uses beer dispensing equipment" for purposes of statutes regulating safety of such equipment].)

We presume that "when a 'word or phrase has been given a particular scope or meaning in one part or portion of the law it shall be given the same scope and meaning in other parts or portions . . . .'" (*People v. Bunyard* (1988) 45 Cal.3d 1189, 1238, abrogated on another ground in *People v. Diaz* (2015) 60 Cal.4th 1176, 1190-1191.) We therefore reject the position that the term "commercial establishment" limits the application of section 459.5 to businesses that display and sell goods.

### DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

J.

We concur:

RAMIREZ _____

P. J.

MILLER _____

J.

7